UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOJA SOHIL SAMADI,<br>Plaintiff,<br>v.<br>AMAZON.COM SERVICES, LLC,<br>Defendant. | No. 2:26–cv–02583–TLN–CKD (PS)<br>ORDER<br>(ECF No. 5) |

Pending before the Court is Defendant Amazon.com Services, LLC's[1] ("Amazon") Motion to Dismiss the Complaint. (ECF No. 10.) The Court vacated the hearing noticed for September 9, 2026, and submitted the motion on the record pursuant to Local Rule 230(g). For the reasons stated below, defendant's motion is GRANTED. The Complaint is dismissed with leave to amend.

**BACKGROUND**

The Complaint is sparsely detailed and hard to follow. Plaintiff Khoja Sohil Samadi alleges he was previously employed by defendant Amazon. (ECF No. 1-2 at 8.) Plaintiff alleges he suffered a workplace injury after a large box landed on his foot. Id. Plaintiff alleges he subsequently sought medical care, which was denied. Id. The Complaint simultaneously alleges,

[1] Plaintiff initially filed suit against "Amazon DSR4," which is the incorrect name of the defendant entity. (ECF No. 5.)

without further factual detail, that plaintiff was harassed by a manager named Joseph[2], and that plaintiff had reported the harassment to higher-level management. Id. Plaintiff alleges that he was later transferred from a delivery station located in San Francisco, California to a location called Amazon DSR 4, located in Elk Grove, California. Id. Plaintiff alleges that once relocated, he was terminated after one week due to a "false accusation." Id.

The Complaint also alleges that plaintiff's firing may have been in retaliation for a separate lawsuit filed by plaintiff's mother, Atefa Samadi. Id. at 9. Plaintiff alleges that his mother was employed by defendant at locations in Stockton and Tracy, California and was terminated after requesting medical and disability accommodations. Id. Plaintiff alleges that defendant had found out he was Atefa Samadi's son and was fired to "harm [his family] financially." Id.

On April 16, 2026, plaintiff received a right-to-sue notice after his complaint was dually filed with the United States Equal Employment Opportunity Commission and the California Civil Rights Department. (ECF No. 1-2 at 19.) Plaintiff originally filed this action in the Sacramento County Superior Court on June 15, 2026, seeking $37 million in damages. (ECF No. 1-2 at 4-9.) On July 27, 2026, defendant removed this action to federal court based on diversity jurisdiction. (ECF No. 1.) Defendant filed a Motion to Dismiss on August 3, 2026, with a hearing noticed for September 9, 2026. (ECF No. 5.) After plaintiff failed to file a timely opposition, the Court vacated the September 9, 2026 hearing, and granted plaintiff until September 16, 2026 to file an opposition. (ECF No. 8.) Plaintiff opposed the Motion to Dismiss on September 1, 2026 and defendant replied on September 15, 2026. (ECF Nos. 9, 10.) Briefing is now complete.

## LEGAL STANDARDS

A claim may be dismissed because of a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Mollett v.

---

[2] Plaintiff also refers to a manager named David who allegedly harassed plaintiff in the San Francisco delivery station. (ECF No. 1-2.) It is unclear whether plaintiff is alleging he was harassed by multiple individuals.

Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. Id. However, the Court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

**DISCUSSION**

Defendant moves to dismiss the Complaint for failure to state a claim for the following causes of action: (1) general negligence; (2) wrongful termination in violation of public policy; (3) employment discrimination under the California Fair Employment and Housing Act ("FEHA"); (4) FEHA harassment; (5) FEHA retaliation; and (6) failure to prevent discrimination, harassment, and retaliation under FEHA. (ECF No. 5.) Defendant also moves to strike or dismiss plaintiff's request for punitive damages.[3] (ECF No. 5 at 16-17.)

Plaintiff's opposition requests the Court "deny Defendant's Motion to Dismiss entirely," however, it does provide argument as to why the Court should not dismiss any cause of action. Instead, the opposition provides new causes of action with factual allegations. (ECF No. 9 at 5.) The Court finds that plaintiff has effectively abandoned his claims by failing to defend them in his opposition brief. See Qureshi v. Countrywide Home Loans, Inc., 2010 WL 841669, *6 n.2 (N.D. Cal. Mar. 10, 2010) (dismissing allegations due to plaintiff's failure to address them in his opposition brief). Even if the Court were to conclude that plaintiff had not abandoned his claims by failing to defend, it finds that the Complaint should be dismissed for failure to state a claim as explained below.

**A. Negligence**

Defendant moves to dismiss plaintiff's general negligence claim for failure to state a claim. To adequately plead negligence, a plaintiff must allege "(a) legal duty to use care; (b) a breach of legal duty; [and] (c) the breach is the proximate or legal cause of the resulting injury."

[3] Because the Court will be dismissing the Complaint with leave to amend, it will not address defendant's punitive damages argument.

Chaconas v. JP Morgan Chase Bank, 713 F. Supp. 2d 1180, 1186 (S.D. Cal. 2010) (quoting Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996)). Here, the Complaint alleges general negligence as a cause of action but fails to plead factual allegations according to the aforementioned elements. The Complaint merely alleges "[defendant] was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused damages to plaintiff." (ECF No. 1-2 at 8.) This catch-all form of pleading is insufficient to state a negligence claim. The Complaint fails to allege facts demonstrating duty, breach, and *how* defendant's actions were the legal or proximate cause of harm to plaintiff. Therefore, plaintiff's negligence claim is dismissed.

**B. Wrongful Termination in Violation of Public Policy**

Defendant moves to dismiss plaintiff's wrongful termination in violation of public policy cause of action for failure to state a claim on the grounds that: (1) the Complaint fails to name a public policy and that plaintiff's termination caused him harm; (2) plaintiff's alternative theory of liability of his mother's lawsuit fails due to a failure to connect the lawsuit to plaintiff's termination; and (3) the claim fails as a derivative theory of liability due to the Complaint's failure to state a FEHA claim. (ECF No. 5 at 10-11.)

California recognizes a tort action for a wrongful termination in violation of public policy, requiring a showing of a "fundamental public policy concern," which, "at a minimum [is] derived from a regulation, statute, or constitutional provision." See Tam v. Qualcomm, Inc., 300 F. Supp. 3d 1130, 1139-40 (S.D. Cal. 2018). To state a claim for wrongful termination in violation of public policy, a plaintiff must allege: "(1) [an] employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused plaintiff harm." Yau v. Santa Margarita Ford, Inc. 229 Cal. App. 4th 144, 154 (2014).

The Court agrees with defendant that plaintiff has failed to allege a particular policy to support his wrongful termination claim. The Complaint alleges that plaintiff was wrongfully terminated without showing proof of wrongdoing. (ECF No. 1-2 at 8.) Plaintiff fails to allege how defendant's conduct violates a public policy concern driven by statute, regulation, or

constitutional provision. See Tam, 300 F. Supp. 3d, at 1139-40. Thus, the Court concludes that plaintiff has failed to allege a wrongful termination in violation of public policy claim on these grounds.

Further, upon review of plaintiff's allegations regarding his mother's workers' compensation lawsuit against defendant, the Court construes these allegations as an attempt to state a FEHA retaliation claim, as discussed below. However, to the extent that the Court construes allegations regarding plaintiff's mother's lawsuit as a wrongful termination in violation of policy claim, the Court concludes that these allegations fail on similar grounds. Plaintiff has failed to allege that defendant's actions violated a particular policy. In addition, the Court agrees that as pled, the connection between plaintiff's termination and his mother's lawsuit is speculative at best. The Complaint alleges plaintiff's mother was terminated by defendant due to her request for medical and disability-related accommodations. (ECF No. 5 at 9.) The Complaint further alleges defendant knew of the ongoing lawsuit and fired plaintiff to financially harm him and his mother. Id. These allegations are vague and speculative, and thus plaintiff fails to state a claim on this alternative theory of liability. See Iqbal, 556 U.S. at 678 (Finding a complaint does not suffice "if it tenders 'naked assertions' devoid of 'further factual enhancement.'").

Finally, as stated below, the plaintiff has failed to state a claim under FEHA. Therefore, plaintiff's wrongful termination in violation of public policy claims fail as derivative of his FEHA claims. See Madrigal v. Performance Transportation, LLC, 2021 WWL 1253795, at *6 (N.D. Cal. Apr. 5, 2021) (dismissing a wrongful termination cause of action on similar grounds). Accordingly, the Court dismisses plaintiff's wrongful termination in violation of public policy cause of action.

**C. FEHA Discrimination**

Defendant moves to dismiss plaintiff's FEHA employment discrimination claim for failure to state a claim on the grounds of (1) a failure to allege membership of a protected class; (2) failure to allege satisfactory job performance; and (3) failure to allege discriminatory motive due to protected group membership. (ECF No. 5 at 12-13.) To state a cause of action for discrimination under FEHA, a plaintiff must show: "([1]) [he] was a member of a protected class;

([2]) [he] was qualified for the position [he] sought or was performing competently in the position held; ([3]) [he] suffered an adverse employment action; and ([4]) the employer acted with a discriminatory motive." Ayala v. Frito Lay, Inc., 263 F. Supp. 3d 891, 905 (E.D. Cal. 2017) (citing Lawler v. Montblanc N. Am., LLC, 704 F. 3d 1235, 1242 (9th Cir. 2013); Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 355 (2000)).

The Court agrees with defendant that plaintiff only satisfies one element of a FEHA discrimination claim: he suffered an adverse employment action in his termination. (ECF No. 5 at 11-12.) The Complaint appears to connect plaintiff's alleged harassment by a manager to a FEHA discrimination claim but fails to allege how any of the alleged harassment contributed to his termination. (ECF No. 1-2 at 8.) Additionally, the Complaint fails to allege that plaintiff was a member of a protected class and that he was satisfactorily performing his employment duties. Accordingly, the Court finds plaintiff has failed to state a claim for FEHA discrimination and dismisses his claim.

**D. FEHA Harassment**

Defendant moves to dismiss the Complaint's FEHA harassment claim for failure to state a claim on the grounds of (1) a failure to allege membership in a protected group; (2) a failure to tie the alleged harassment to protected group membership; and (3) failure to plead adequate factual detail of the alleged harassment. (ECF No. 5 at 14-15.) To plead a FEHA harassment claim, a plaintiff must allege that: "([1]) [he] is a member of a protected group; ([2]) [he] was subjected to harassment because [he] belonged to this group; and ([3]) the alleged harassment was so pervasive it created a hostile work environment." Ayala, 263 F. Supp. 3d, at 909-10 (citations omitted).

Plaintiff alleges he was harassed by a manager named Joseph "every day" until he filed a complaint to upper-level management. (ECF No. 1-2 at 8.) However, this is the extent of his harassment allegations. While the opposition appears to add more factual detail, such as plaintiff being referred to as a "snitch" and being mocked for his weight, teeth, and back, the Court cannot rely on these allegations to determine whether plaintiff has stated a FEHA harassment claim. (ECF No. 9 at 4.); see King v. Federal Navy Credit Union, 699 F. Supp. 3d 864, 870 (C.D. Cal.

2023) ("Plaintiff may not amend his allegations through facts raised in opposition to a motion to dismiss."). Plaintiff has failed to allege with any specificity the nature of his harassment at work. (ECF No. 5 at 15.) Critically, the Complaint also fails to allege whether plaintiff was a member of a protected group and whether the harassment was due to plaintiff's membership in that group. Therefore, the Court dismisses Plaintiff's FEHA harassment claim.

**E. FEHA Retaliation**

Defendant moves to dismiss plaintiff's FEHA retaliation claim for failure to state a claim on the grounds of (1) failure to allege participation in a protected activity; and (2) failing to tie the protected activity to the adverse employment action. Id. at 12-14. As a preliminary matter, defendant assumes plaintiff's retaliation claim arises under FEHA but submits that there is insufficient information to determine the exact nature of plaintiff's claim. (ECF No. 5 at 7 n.1.) Plaintiff's opposition does not contest defendant's characterization of the retaliation claim. (ECF No. 9.) Therefore, the Court construes plaintiff's retaliation claim as arising under FEHA.

To state a FEHA retaliation claim, a plaintiff must show that he: (1) engaged in a protected activity; (2) was subjected to an adverse employment action; and (3) "that there was a causal link between the protected activity and the adverse action." Kelley v. Corrections Corp. of America, 750 F. Supp. 2d 1132, 1143 (E.D. Cal. 2010) (citing Jadwin v. County of Kern, 610 F. Supp. 2d 1129, 1185 (E.D. Cal. 2009)). Plaintiff has failed to allege whether he was engaged in a protected activity and whether there was a causal link between the protected activity and the adverse employment action. "An employee engages in a protected activity when he 'oppose[s] activity the employee reasonably believes constitutes unlawful discrimination, and complaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate would not suffice to establish protected conduct.'" Knapp v. Sick, Inc., 2025 WL 4058324, at *4 (C.D. Cal. Nov. 19, 2025) (citing Hicks v. Netflix, Inc., 472 F. Supp. 3d 763, 771 (C.D. Cal. 2020)). Here, the Complaint appears to allege retaliation in two different incidents: (1) plaintiff's reporting of harassment by his manager; and (2) plaintiff's mother's lawsuit against defendant. (ECF No. 1-2 at 8-9.)

The Court has already concluded plaintiff has failed to allege FEHA-related harassment

that was the subject of plaintiff's complaint to upper-level management. Even if plaintiff were to allege a protected activity, it is unclear how the harassment complaint relates to plaintiffs' termination. Plaintiff merely alleges he was transferred to another warehouse and fired without proof of wrongdoing. (ECF No. 1-2 at 8.) It is also unclear what role, if any, plaintiff's complaints regarding his alleged harassment had in his termination. Thus, the Court dismisses Plaintiff's FEHA retaliation claim on these grounds.

The Complaint also appears to raise a retaliation claim on the grounds of plaintiff being terminated due to his mother's lawsuit against defendant. (ECF No. 1-2 at 9.) While defendant does not raise a motion to dismiss this specific claim on retaliation grounds, it appears that plaintiff attempted to plead a FEHA retaliation claim but has failed to do so.[4] Plaintiff has not alleged engagement in a protected activity. His allegations draw from his connection with his mother, who filed the lawsuit against defendant. Id. Therefore, the Court dismisses plaintiff's FEHA retaliation causes of action.

**F. Failure to Prevent Discrimination, Harassment, and Retaliation**

Defendant also moves to dismiss plaintiff's failure to prevent discrimination, harassment, and retaliation claim. (ECF No. 5 at 14-15.) This is a derivative claim predicated on plaintiff's FEHA claims. See Jaffe v. Sedgwick Claims Mgmt. Servs., Inc., 2017 WL 3160561, at *6 (C.D. Cal. July 24, 2017); see also Trujillo v. North Cnty. Transit Dist., 63 Cal. App. 4th 280, 289 (1998) ("There's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen, for not having a policy to prevent discrimination when no discrimination occurred."). Therefore, the Court dismisses plaintiff's failure to prevent discrimination, harassment, and retaliation claim.

**G. Leave to Amend**

If the Court finds that a complaint or claim should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. See Davis v. Miranda, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020). Leave to amend should be freely granted when

[4] See Omar v. Sea-Land Service, Inc., 813 F.2d, 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).").

justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, at 1127 (9th Cir. 2000); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). This opportunity to amend is not for the purpose of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court grants Plaintiff an opportunity to file an amended complaint to attempt to address the deficiencies noted above. An amended complaint should be titled "First Amended Complaint" and bear the case number assigned to this matter. Plaintiff is informed that Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Defendant's Motion to Dismiss the Complaint (ECF No. 5) is GRANTED;
2. The Complaint is DISMISSED with leave to amend;
3. Plaintiff shall have thirty (30) days from the date of this order to file a First Amended Complaint. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated: October 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, sama.26cv2583